IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLOSSIE HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-cv-03481 |
| V. | § | _____ |
| | § | |
| WAL-MART STORES TEXAS, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW, Plaintiff Flossie Harris, and files Plaintiff's Original Complaint, complaining of Defendant Wal-Mart Stores Texas, LLC, and alleges as follows:

### I.   PARTIES

1.1   Plaintiff Flossie Harris is a permanent resident of the State of Texas within the Northern District of Texas.

1.2   Defendant Wal-Mart Stores Texas, LLC (herein referred to as "Wal-Mart") is a limited liability company organized under the laws of the state of Delaware and maintaining its principal place of business in Bentonville, Arkansas.

Defendant conducts business in the State of Texas and maintains contacts within the State of Texas. Service of process may be had upon Defendant by serving citation upon its registered agent within the State of Texas, CT Corporation System, located at  350 St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## II.   VENUE AND JURISDICTION

2.1   Venue is proper in this Federal Court in Texas because the incident in question occurred in the Federal Northern District of Texas, and under 28 U.S.C. 1391(b)(2), venue is proper in this Court.

2.2   Diversity jurisdiction is proper in this Court under 28 U.S.C. 1332 (a)(1) because the Defendant is a corporation with its principal place of business in a state other than Texas, and Plaintiff is a citizen of Texas, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.   STATEMENT OF THE FACTS

3.1   On or about December 15, 2019, Plaintiff entered Defendant Wal-Mart's retail premises located at 150 N, I-35E, Lancaster, Dallas County, Texas 75146. Plaintiff entered the store to purchase groceries.

3.2   Plaintiff entered the produce section of the store to select tomatoes and onions for purchase. While at the produce section, Plaintiff slipped on loose grapes that were on the floor. Plaintiff fell forward and landed on the floor on her right side. Plaintiff suffered injuries and damages in the fall.

3.3    At all relevant times, Plaintiff entered the Defendant Walmart's premises with Defendant's permission and for their mutual benefit. Plaintiff entered Defendant's retail premises during regular business hours in order to purchase products from Defendant Walmart.

3.4    At all relevant times, Defendant was the owner, operator, occupant, and/or possessor of the premises located at 150 N, I-35E, Lancaster, Dallas County, Texas 75146. Defendant owned the physical location. Defendant Walmart maintained the store, its layout, its products, and was responsible for conditions within the premises. Defendant was responsible for cleaning up any products that fell on the floor in the store.

3.5    At all relevant times, the loose grapes on the floor of Defendant's produce section posed an unreasonable risk of harm to its customers, including Plaintiff. The loose grapes on the floor in the produce section posed an unreasonable risk of harm that customers would step on the grapes, lose their footing, and fall causing injury.

3.6    At all relevant times, Defendant knew or reasonably should have known that the loose grapes on the floor posed an unreasonable risk of harm. Defendant's employee was nearby in the produce section at the time of the incident.

3.7    At all relevant times, Defendant failed to adequately warn Plaintiff of the loose grapes on the floor or to make the condition reasonably safe. No warning

signs were present in the area. The loose grapes had not been cleaned up despite the employee who was in the produce section of the store at this time.

3.8     The negligent acts and omissions of Defendants, as set out herein, separately and collectively, and otherwise, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff.

## IV.     CAUSE OF ACTION AGAINST DEFENDANT

4.1.     Defendant was the owner, operator, occupant, and/or possessor of the premises located at 150 N, I-35E, Lancaster, Dallas County, Texas 75146. Defendant owned the physical location. Defendant Walmart maintained the store, its layout, its products, and was responsible for conditions within the premises. Defendant was responsible for cleaning up any products that fell on the floor in the store.

4.2.     Plaintiff was an invitee of Defendant. Plaintiff entered Defendant's retail premises during regular business hours in order to purchase products from Defendant Walmart.

4.3.     The loose grapes on Defendant's premises posed an unreasonable risk of harm. The loose grapes on the floor in the produce section posed an unreasonable risk of harm that customers would step on the grapes, lose their footing, and fall causing injury.

4.4.    Defendant knew or should have known that the loose grapes on the floor at its premises posed an unreasonable risk of harm. Defendant's employee was nearby in the produce section at the time of the incident.

4.5.    Defendant failed to exercise ordinary care to protect Plaintiff from the danger, either by failing to adequately warn her of the condition of the floor and/or by failing to make the condition reasonably safe. No warning signs were present in the area. The loose grapes had not been cleaned up despite the employee who was in the produce section of the store at this time.

4.6.    Defendant's failure to warn and/or failure to make the condition reasonably safe proximately caused Plaintiff's injuries and damages. Plaintiff stepped on the loose grapes, slipped, and was injured.

4.7.    The negligent acts and/or omissions of Defendant proximately caused Plaintiff's injuries and damages.

## V.    DAMAGES

5.1.    As a result of the incident described herein, Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

5.2.    Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

PLAINTIFF'S ORIGINAL COMPLAINT – fj11162003
Harris – Complaint – fj11162003

5.3.    Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

5.4.    Plaintiff has experienced physical impairment in the past and in all reasonable probability will suffer impairment in the future.

## VI.    PRESERVATION

The Defendants are hereby given notice that any document or other material, including electronically stored information, that may possibly be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## VII.    CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff claims interest in accordance with applicable law.

## VIII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover all her damages as specified above from Defendant, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Lacey Turley Most*
Lacey Turley Most
State Bar No. 24093225
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: laceym@wturley.com
        roxanam@wturley.com

ATTORNEY FOR PLAINTIFF